UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

Case No.: 07-14247-CIV-GRAHAM/LYNCH

JOSEPH DELVECCHIO,
and CAROL DELVECCHIO,

    Petitioners,

v.

INTERNAL REVENUE
SERVICE,

    Respondent.
_____/

Case No.: 07-14249-CIV-GRAHAM/LYNCH

JOSEPH DELVECCHIO,
and CAROL DELVECCHIO,

    Petitioners,

v.

JOHN SMITH, an agent
of the INTERNAL REVENUE
SERVICE,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the Parties' Joint Pretrial Stipulation [D.E. 36].

This matter involves two separately filed, yet related actions pertaining to a tax lien placed upon real property owned by Joseph and Carol DelVecchio. In the first action, the DelVecchios, as Petitioners, sought to compel the Internal Revenue Service's

("IRS") compliance with the Freedom of Information Act, 5 U.S.C. § 552, et seq., ("FOIA") by, inter alia, providing the Petitioners with certain records related to the issuance of the tax lien on the Petitioners' property ("FOIA Matter")[D.E. 1]. See 07-14127-CIV-GRAHAM/LYNCH. According to Petitioners, the IRS failed to timely respond to their requests and also failed to produce records related to the tax lien.

In the FOIA matter, the Respondent has filed a Motion for Summary Judgment asserting that it has not improperly withheld any documents requested by the Petitioners and has, after conducting a search of the records, retrieved and produced forty (40) pages of responsive documents to the Petitioners [D.E. 23-2]. Petitioners have filed an opposition to the Motion for Summary Judgment arguing that the IRS has still failed to provide the requested documents, and specifically has failed to produce the assessment that was allegedly issued to support the federal tax lien placed upon the Petitioners' property [D.E. 27].

The second action was initiated when the DelVecchios filed a complaint in the Circuit Court of the Nineteen Judicial Circuit, In and For Martin County, Florida, seeking to have a federal tax lien issued by the IRS removed from their property [D.E. 1]. See, 07-14249-CIV-GRAHAM/LYNCH. The Government removed the matter to this Court and then filed a Motion to Dismiss arguing that the Petitioners had failed to state a claim for relief under the

applicable statutes. This Court granted the Defendant's Motion to Dismiss, in part, and denied it, in part, finding that the Petitioners had stated a claim under Title 28 U.S.C. § 2410, which provides for the United States to be named as a party in any civil suit to quiet title to real and personal property on which the United States holds a lien. [D.E. 29]. In determining that the Petitioners had stated a claim, however, this Court, based upon the Eleventh Circuit's ruling in Stoecklin v. U.S., 943 F.2d 42 (11th Cir. 1991), stated that the Petitioners' claim was limited to challenging the procedural validity of the tax lien, rather than the underlying merits of the tax assessment.

In the Joint Pretrial Stipulation, which was filed for both cases, the Parties have identified the central issue of the FOIA action to be whether the IRS has produced the documents responsive to the taxpayers' request [D.E. 36]. Most significantly, the Petitioners seek to obtain the assessment that Petitioners maintain was prepared in 2001. However, neither Party has submitted the actual documents, for this Court's review, that were purportedly provided to the Petitioners in response to their FOIA request.

Similarly, as to the quiet title action, in the Joint Pretrial Stipulation, the IRS states, "...[t]hough petitioners allege that the Internal Revenue Service never assessed any taxes against them, IRS records clearly show that the DelVecchios' tax liabilities for the 1987 and 1988 tax years were assessed on November 13, 2001",

and, "[there are no other procedural irregularities that would void the notices of federal tax lien for these liabilities" [D.E. 36 at 5]. Therefore, simply put, either the IRS was procedurally required, through regulations, statutes or other mandate, to issue an assessment prior to placing a federal lien on the DelVecchios' property, and either complied with that requirement or failed to comply; or the IRS was not procedurally required to issue an assessment prior to the lien, and thus did not issue one, and therefore is unable to produce one to the Petitioners. Under either scenario or some similar permutation thereof, the issue seemingly may be easily resolved through a review of the pertinent documents and/or relevant statutes and regulations.

Thus, it appears that there may not be any genuine issue of material fact, but rather the matter may be properly resolved at the summary judgment stage. The Court recognizes that the Respondent Government has only filed a motion for summary judgment in the FOIA action, but the court may always "invite" the appropriate party to move for a rule 56 for summary judgment when the case is ripe for summary disposition. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2720, (2008). Accord, Celotex Corp. v. Catrett, 477 U.S. 317, 1326, 106 S.Ct. 2548, 2254 (1986)(stating district courts are widely acknowledged to possess power to enter summary judgments sua sponte); See also, Flood v. Young Woman's Christian Ass'n of Brunswick, Georgia, Inc., 398 F.3d

1261, 1267 (11th Cir.2005)(same). Therefore, the Court will direct the Parties to file Motions for Summary Judgment in the quiet title action, as well.

### III.  CONCLUSION

Accordingly, based on the foregoing discussion, it is

**ORDERED AND ADJUDGED** that in the FOIA matter, case number 07-14127-CIV-GRAHAM/LYNCH, the Respondent IRS shall supplement its Motion for Summary Judgment by submitting to this Court the documents that were produced to the Petitioners in response to their March 5, 2007 FOIA request, within ten (10) days from the date of this Order, and shall serve a copy of the same on Petitioners.  Petitioners shall supplement their Response to Defendant's Motion for Summary Judgment, if they so desire, within ten (10) days of receipt of the documents produced by the Defendant in compliance with this Order.  It is further

**ORDERED AND ADJUDGED** that in the quiet title action brought pursuant to 28 U.S.C. §2410, case number 07-14249-CIV-GRAHAM/LYNCH, the Respondent Government shall submit a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, within ten (10) days from the date of this Order.  The Plaintiffs shall file a response to the Defendant's Motion for Summary Judgment, or may cross move for summary judgment within twenty (20) days of the filing of the Defendant's Motion for Summary Judgment.  Either

Party may file a Reply within five (5) days from the date that an Opposition to the Motion for Summary Judgment is filed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2008.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Lynch
    Counsel of Record